UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DONNA MORRIS, individually and as )
Next friend of WILLIAM MORRIS, III )
                                                                          )
                   **Plaintiff,**                  )
                                                                           )
v.                                                                           )   Case No. 10-CV-0376-CVE-TLW
                                                                          )
**CITY OF SAPULPA, JAMIE NOE,** )
**JAMES PRINE, and MIKE HEATHERLY,** )
                                                                          )
                  **Defendants.**              )

## OPINION AND ORDER

Now before this Court is Defendant Sapulpa Police Department [sic][1], Jamie Noe, James Prine, and Mike Heatherly's Motion to Dismiss and Brief in Support. Dkt. # 4. Plaintiff Donna Morris filed a complaint in this Court on June 11, 2010. Dkt. # 2. A petition had previously been filed in the District Court in and for Creek County, State of Oklahoma concerning the same events at issue in this case. Dkt. # 4-3. Defendants now argue that plaintiff's suit should be dismissed on statute of limitations grounds. Dkt. # 4, at 3-5; Dkt. # 9, at 1-5.

**I.**

This case arises from an encounter that occurred on July 5, 2006 between William Morris and one or more members of the Sapulpa Police Department. Dkt. # 2, at 2-5; Dkt. # 4, at 1. On December 21, 2007, plaintiffs William and Donna Morris filed a petition against the City of Sapulpa, the Sapulpa Police Department, and Jamie Noe in Creek County District Court. Dkt. # 4-3. The

---

[1]     Although defendants' motion refers to the Sapulpa Police Department, it is not a separate entity and has not been named as a party to this case. The Court will treat the motion as filed by, <u>inter alia</u>, the City of Sapulpa.

petition contained three grounds for relief against all three defendants: (1) William Morris's claim for negligent injury caused by Noe, a police officer with the City of Sapulpa Police Department, during Noe's attempt to detain William Morris; (2) William Morris's claim for intentional injury caused by Noe to William Morris; and (3) Donna Morris's claim for loss of services, society, and companionship of, and consortium with, William Morris. Id. at 1-3. Defendants moved to dismiss the claims against both the Sapulpa Police Department and Noe, and to dismiss Donna Morris's claim. Dkt. # 4-4; Dkt. # 4-5. Following those motions, plaintiffs voluntarily dismissed without prejudice their claims against the Sapulpa Police Department. Dkt. # 4-6. On September 5, 2008, the district court granted the motion to dismiss the claims against Noe, but denied the motion to dismiss the claim of Donna Morris. Dkt. # 4-7. Nearly one year later, on August 7, 2009, the remaining defendant, the City of Sapulpa, moved to dismiss the action for failure to prosecute. Having evidently received no response from plaintiffs, the City on September 11, 2009 filed an application to deem confessed its motion to dismiss. Dkt. # 4-8; Dkt. # 4-9. The motion to deem confessed the motion to dismiss was granted on September 21, 2009, and the case was dismissed that day. Dkt. # 4-10.

On June 11, 2010, plaintiff Donna Morris, individually and as next friend of William Morris, filed this action. Dkt. # 2. In her complaint as surviving spouse, she named two defendants from the state suit (Noe and the City of Sapulpa), as well as two additional individual defendants (James Prine and Mike Heatherly). Id. The complaint alleges that, on July 5, 2006, the individual defendants "without notice or any just reason, jumped upon and physically attacked [William] Morris, causing [him] severe injuries." Dkt. # 2, at 2. Plaintiff claims William Morris arrived on the scene of a domestic disturbance to which the Sapulpa police were called and engaged in

conversation with another man standing outside the residence to ascertain what was taking place. Id. at 3. According to the complaint, he did not take any action that would justify his arrest or detention, and the individual defendants did not attempt to obtain compliance from William Morris using any means less than excessive force. Id. Donna Morris was also present for the encounter between William Morris and the police, and she claims that observing what she terms the "attack" of her husband by the police caused her severe emotional distress. Id. at 4. She was also allegedly subject to verbal abuse and threats of violence following the encounter between her husband and the police. Id. She alleges that it is "the true custom and policy of the Sapulpa Police Department . . . to condone excessive uses of force which are outside the written policy [regarding the use of force]." Id.

Based on those allegations, the complaint contains the following specific counts by Donna Morris as surviving spouse against all defendants: (1) unnecessary and unreasonable use of excessive force against William Morris, in violation of his constitutional rights; (2) unlawful arrest; (3) state law claim for intentional infliction of emotional distress; (4) state law claim for false arrest; (5) state law claim for negligent hiring, training, and supervision of the individual defendants; and (6) state law claim for negligent causation of injury to William Morris. Id. at 4-5.

**II.**

The Court reviews defendants' motion under Federal Rule of Civil Procedure 12(b)(6).[2] As defendants acknowledge, Dkt. # 4, at 2 n. 1, when "matters outside the pleadings are presented to

---

[2]   "Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." Bullington v. United Air Lines, Inc., 186 F.3d 1301, 1310 n.3 (10th Cir. 1999), *overruled in part on other grounds*, Boyer v. Cordant Techs., Inc., 316 F.3d 1137, 1140 (10th Cir. 2003).

and not excluded by the court [in deciding a motion under Rule 12(b)(6)], the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, an exception exists to this rule, allowing a trial court to "take judicial notice of its own files and records, as well as facts which are a matter of public record" where they are considered only "to show their contents, not to prove the truth of matters asserted therein." Tal v. Hogan, 453 F.3d 1244, at 1264 n. 24 (10th Cir. 2006). Documents from prior state court proceedings may be treated as public records for these purposes. Cooper v. Old Dominion Freight Line, 2010 WL 2609385, at *1 (D. Kan. June 25, 2010)(citing Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000)). Defendants have attached exhibits to their briefs related to the procedural history of this case, each of which is a publicly filed court document. The Court "will consider the attached exhibits only as they relate to the procedural history of this case, that is, the timing and nature of the filings in the previous case," see id., and will treat defendants' motion as one to dismiss under Rule 12(b)(6).

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleadings standard for all civil actions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009). For the purpose of making the dismissal determination, a court must

4

accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendants ask this Court to dismiss all of plaintiff's claims on the ground that they are barred by applicable statutes of limitations. Regarding plaintiff's first and second counts, defendants appear to assume, as will this Court, that she is asserting a claim under 42 U.S.C. § 1983 for violation of William Morris's constitutional rights. "Because Congress has not enacted a statute of limitations expressly applicable to section 1983 claims, the courts must adopt the most analogous limitations period provided by state law." Abbitt v. Franklin, 731 F.2d 661, 663 (10th Cir. 1984)(en banc). The most analogous limitation for a section 1983 claim under Oklahoma law is the two-year limitation period applicable to actions causing an injury to the rights of another. Id. That same limitations period applies to plaintiff's state law claims for intentional infliction of emotional distress, false arrest, negligent hiring, training, and supervision, and negligent causation of injury. Okla. Stat. tit. 12, § 95(A)(3). The parties agree that the events giving rise to the complaint occurred on July 5, 2006. Dkt. # 2, at 2; Dkt. # 4, at 1. Thus, under the two-year limitation period that applies to each of her claims, plaintiff's claims would have been timely filed on or before July 5, 2008.

However, plaintiff argues that all of her claims come under the protection of the Oklahoma "savings" statute, Okla. Stat. tit. 12, § 100:

> If any action is commenced within due time, and . . . the plaintiff fail[s] in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

Id. "The Supreme Court has made clear that a federal court applying a state's limitations periods should apply that state's tolling provisions as well." See Brown v. Hartshorne Pub. Sch. Dist. No. 1, 926 F.2d 959, 962 (10th Cir. 1991). Thus, the savings statute, "which is an integral part of a state's limitations and tolling rules," is applicable when calculating the statute of limitations for both state law claims and section 1983 claims in federal court. See id.; see also Ciszkowski v. Rector, 1995 WL 681504, at *2 (10th Cir. Nov. 2, 1995)(unpublished)[3]. The Oklahoma Supreme Court has repeatedly held that "the purpose of § 100 is remedial and its provisions are to be liberally construed." E.g., Wiley Elec., Inc. v. Brantley, 760 P.2d 182, 194 (Okla. 1988).

Plaintiff and her husband filed their state court petition on December 21, 2007, approximately a year and a half after the events of July 5, 2006. Dkt. # 4-4, at 4. All of the claims in the state petition were subject to a two-year statute of limitations. Okla. Stat. tit. 12, § 95(A)(3). Therefore, the action in state court was timely commenced. That action eventually failed when the state court granted the City of Sapulpa's motion to deem confessed its motion to dismiss for failure to prosecute. Dkt. # 4-9, at 1; Dkt. #4-10, at 1. Dismissal for failure to prosecute has been determined to be a failure "otherwise than on the merits" for purposes of section 100. See Hug v.

---

[3]  Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

6

James, 197 P.3d 22, 24-25 (Okla. Civ. App. 2008). The dismissal, otherwise than on the merits, occurred on September 24, 2009, and plaintiff filed her current action on June 11, 2010 – within the one-year time limit set out in the savings statute. Dkt. # 4-10, at 1; Dkt. #2. Thus, the savings statute will apply to plaintiff's federal complaint if it is found that the refiled action is of the type envisioned by that statute.

"In order for § 100 to apply, the refiled action must be based on the same cause of action as the originally filed action and must be against substantially the same parties." Nusbaum v. Knobbe, 23 P.3d 302, 304 (Okla. Civ. App. 2001); see also, e.g., Optima Oil & Gas Co., LLC v. Mewbourne Oil Co., 2009 WL 1773198, at *5 (W.D. Okla. June 22, 2009)("in order for the savings statute to apply, Plaintiff must not be alleging new causes of action"); Wiley Elec., Inc., 760 P.2d at 184 ("[p]recedent teaches that . . . section 100 is intended to preserve the right to commence a new action for the same causes as in the original action and to allow a trial on the merits"). Oklahoma courts use the transactional approach in defining a cause of action for purposes of section 100; that is, "the operative event that underlies a party's claim delineates the parameters of his cause of action." Chandler v. Denton, 741 P.2d 855, 862-63 (Okla. 1987). Under this transactional approach, "[o]nly a single cause of action can be predicated on the same set of facts, but different remedies and theories of liability may be pressed in support of each claim alleged." Optima Oil & Gas Co., LLC, 2009 WL 1773198, at *6. Thus, where a plaintiff has alleged the operative events behind a claim in an initial timely suit, the failure to raise a particular theory of recovery will not bar pursuit of that theory in later litigation. See Ciszkowski, 1995 WL 681501, at *2.

The plaintiffs' claims in the state court petition for negligent and intentional injury, as well as loss of services, society, companionship and consortium, Dkt. # 4-3, at 2-3, all stem from a basic set of operative facts surrounding the interaction between William Morris and one or more members of the Sapulpa Police Department that occurred on July 5, 2006.  While the claims in the federal complaint[4] differ in legal basis from the theories of recovery set out in the state petition, they are based on the same set of operative facts.  Thus, under Oklahoma's transactional test, plaintiff's new claims in the federal complaint do not constitute new causes of action.  See, e.g., Chandler, 741 P.2d at 863 (holding that where plaintiff had alleged a set of operative facts relating to illegal entry into his house and made claims for breaking and entering, assault and battery, and extortion, later claims based on emotional distress and property damage fell under the umbrella of the same cause of action for purposes of section 100); see also Rogers v. Higgins, 871 P.2d 398, 402-03 (Okla. 1993) (finding, in non-section 100 context, that a single offending event provides a single cause of action for numerous theories of liability).

Defendants argue that because Noe was previously dismissed from the state action on the merits, he is not a proper party to this action.  Dkt. # 9, at 4.  Oklahoma courts have not decided this precise issue with regard to section 100, so "this [C]ourt must make an Erie-guess as to how the [Oklahoma] Supreme Court would rule."  Pehle v. Farm Bureau Life Ins. Co., Inc., 397 F.3d 897,

---

[4]  As stated, the federal complaint contains § 1983 claims for unnecessary and unreasonable use of excessive force and for unlawful arrest, as well as state law tort claims for intentional infliction of emotional distress, false arrest, negligent hiring, training, and supervision, and negligent causation of injury.  Dkt. # 2, at 4-5.

901 (10th Cir. 2005). Oklahoma Statute title 12 § 994[5] provides the state law counterpart to Federal Rule of Civil Procedure 54(b) governing judgments involving multiple parties. Federal courts have followed the plain language of section 994 in holding that an "action" for purposes of section 100 "ends as to fewer than all parties in a multiparty action only if the court directs the entry of a final judgment as to one or more parties and makes an express determination that there is no just reason for delay." See Hagy v. Am. Honda Motor Co., 125 F. Supp. 2d 456, 459 (W.D. Okla. 2000). Thus, where a party to an action had been previously dismissed without prejudice but the court had not directed entry of a final judgment, the court found that, for purposes of section 100, the dismissal of that party would be treated as having occurred on the same day as the rest of the action. Id. Noe, who was dismissed on the merits, raises an interesting issue as to whether the same rationale should

---

[5] "When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the preparation and filing of a final judgment, decree or final order as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment, decree, or final order. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk." Okla. Stat. 12 § 994 (2009).

apply in this case.[6] However, this Court "knows of no authority holding that a plaintiff may not include all prior defendants in the new case," and "in the absence of Oklahoma authority squarely on this point, we follow the federal jurisprudence." Id.; Hogan v. Okla. Dep't of Corrections, 1999 WL 84466, at *2 (10th Cir. 1999)(unpublished)[7]. Given the paucity of Oklahoma law on this subject, the interpretation of § 994 by other courts, and the liberal construction afforded the savings statute by Oklahoma courts, e.g., Wiley Electric, Inc., 760 P.2d at 194, this Court will not hold that dismissal of one party from an action on the merits precludes that party's inclusion in a later refiling for purposes of section 100. Absent entry of a final judgment as to a party under § 994, the overall disposition of an action will be the focal point of the "otherwise than on the merits" prong of the section 100 inquiry. There was no independent entry of final judgment by the state court with regard to defendant Noe. Thus, because the federal complaint was filed within one year of a dismissal otherwise than on the merits by the state court and contains claims arising from the same set of operative facts as the state court petition, plaintiff's claims against both the City of Sapulpa and

---

[6] The doctrine of issue preclusion (also known as collateral estoppel) would seem to bar reconsideration of a state court's dismissal of a party. Oklahoma courts interpret that doctrine to mean that "once a court has decided an issue of fact or law necessary to its judgment, the same parties or their privies may not relitigate that issue in a suit brought upon a different claim." Okla. Dep't of Pub. Safety v. McCrady, 176 P.3d 1194, 1198 (Okla. 2007). This Court would be required to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). However, under both Oklahoma and federal law, issue preclusion is an affirmative defense, and "must be pleaded and proved." See Okla. Dep't of Pub. Safety, 176 P.3d at 1199 n. 21; Giese v. Wichita Police Dep't, 1995 WL 634173, at *1 (10th Cir. Oct. 30, 1995)(unpublished). Defendants did not plead issue preclusion as a defense to reconsideration of the state court's decision as to defendant Noe. As such, this Court will not consider that issue in its determination of whether Noe is a proper defendant to this action.

[7] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Jamie Noe are encompassed within the one-year period in which to refile provided by section 100. The federal complaint was therefore timely filed.

However, plaintiff's claims against James Prine and Mike Heatherly must fail. As noted, one of the requirements for application of the savings statute is that the new action may be brought only against substantially similar parties. Nusbaum, 23 P.3d at 304. This requirement is part of what justifies the use of the transactional test, as the "party required to respond to [] allegations is put on notice of the factual setting underlying the legal demands pressed against him," thus ensuring that the party will not be prejudiced by additional theories of liability that may be added later in the litigation. Chandler, 741 P.2d at 863. While courts have "applied § 100 to save refiled actions against parties that were not included in the original action," they will do so only where "the changes or additions are generally nominal or affect a substantially similar party." Nusbaum, 23 P.3d at 305.

In Nusbaum, the plaintiff was injured in a car accident and commenced suit against a defendant whom she believed to have been the driver of the car that caused her injuries. Id. at 303. Upon discovering that she had relied on an erroneous police accident report in naming the driver, the plaintiff amended her petition to add the correct driver as a defendant. Id. The newly named defendant moved for summary judgment on statute of limitations grounds, and the plaintiff defended against this motion by arguing that her claim qualified for the extended time period under section 100. Id. The trial court granted summary judgment, and, on appeal, the court engaged in an extensive discussion of when parties may be added under section 100 before ultimately finding the addition to be inappropriate in that case. Id. at 304-06. The Nusbaum court found that because the plaintiff's addition of the defendant was more than a nominal change and because there was not an

identity of interest between the parties, it did not fall within the realm of cases in which courts will allow the addition of a party when refiling under section 100. Id. at 305-06.

Even with the aforementioned generous approach to the savings statute and to a plaintiff's pleadings on a motion to dismiss, defendants Prine and Heatherly do not meet the requirements for introduction of additional defendants in a refiling under section 100. The addition of these parties is far from nominal; indeed, they are wholly separate individuals who, on the face of the state court documents, were not included in the prior action. Dkt. # 4-3. Neither can the pleadings be read to assert any form of identity of interest between these additional defendants and Noe. Even accepting as true plaintiff's revised contention in her federal complaint that the additional defendants were at the scene of the encounter with William Morris as members of the Sapulpa police force, Dkt. # 2, at 1, the inclusion of a broad entity as a defendant in an early proceeding will not provide a later justification for adding individual members of that body. See Brown, 926 F.2d at 962 (refusing, where the original complaint had been filed against a school board as a whole, to allow a plaintiff's additional claims against individual board members to come under the protection of section 100). To hold otherwise would be to undermine the notice-based rationale for the transactional approach to causes of action in Oklahoma courts.

**IT IS THEREFORE ORDERED** that Defendant Sapulpa Police Department [sic], Jamie Noe, James Prine, and Mike Heatherly's Motion to Dismiss and Brief in Support (Dkt. # 4) is **granted in part and denied in part:** it is granted as to the dismissal of defendants James Prine and Mike Heatherly; it is denied as to the remainder of the motion.

**DATED** this 17th day of September, 2010.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

12