# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA MORRIS, individually and as Next friend of WILLIAM MORRIS, III, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-CV-0376-CVE-TLW ) |
| CITY OF SAPULPA, JAMIE NOE, JAMES PRINE, and MIKE HEATHERLY, | ) ) ) ) |
| Defendants. | ) |

## AMENDED OPINION AND ORDER

On May 6, 2011, upon motion by defendants, the Court entered an Order staying the scheduled trial in this case, Dkt. # 41, pending defendants' appeal of the Court's decision denying qualified immunity to defendant Jamie Noe. Dkt. # 37. Plaintiff then filed a motion for the Court to reconsider the stay of trial on the ground that defendants' appeal involves questions of fact only, and is therefore not a proper interlocutory appeal under Johnson v. James, 515 U.S. 304 (1995). Dkt. # 42. The Court previously denied plaintiff's motion for reconsideration, Dkt. # 43, but now amends its prior opinion and order based on a new argument made in defendants' notice of appeal.

Johnson held that a court's denial of qualified immunity is appealable only as to issues of law; that is, whether an action constitutes a constitutional violation, and whether the law surrounding such violation was clearly established. 515 U.S. at 317-18. To the extent that defendants' appeal would require review of the Court's determination as to the existence of genuine issues of material fact, the appeals court lacks jurisdiction. See Howards v. McLaughlin, 634 F.3d 1131, 1138-39 (10th Cir. 2011). Here, however, defendants seek to appeal questions of law as to whether Noe violated clearly established constitutional law as to excessive use of force and whether Noe was

reasonable in the actions he took.[1] Therefore, it is a proper matter for interlocutory appeal, and stay

---

[1] The Court previously included in its statement of the questions of law for appeal the issue of whether reasonable suspicion existed for the detention and probable cause existed for the arrest of William Morris III (Morris III). Dkt. # 43. However, in their notice of appeal, defendants raise for the first time the argument that Morris III's plea of guilty to the offense of public intoxication is a complete defense to plaintiff's claim for unlawful arrest. Dkt. # 40, at 2.

The Court's finding of a genuine issue of material fact on the issue of probable cause, and its subsequent denial of qualified immunity as to this issue, was based on the parties' arguments regarding probable cause as to the initial detention of Morris III. Dkt. ## 18, at 9-10; 24, at 8-10; 35, at 9-10. Construing the facts in the light most favorable to plaintiff, the Court found that a genuine issue of material fact remained as to whether Noe had probable cause to arrest Morris III based on what he claimed was Morris III's assault of Bell.

However, the charge for which Noe ultimately issued Morris III a citation was public intoxication. Dkt. # 19-2, at 2. The probable cause inquiry is an objective one, and "[a]n arrest is not invalid under the Fourth Amendment simply because the police officer subjectively intended to base the arrest on an offense for which probable cause is lacking, so long as the circumstances, viewed objectively, justify the arrest." Howards, 634 F.3d at 1141; see also United States v. Sledge, 460 F.3d 963, 967 n.3 (8th Cir. 2006)("The relevant inquiry is whether probable cause existed to arrest . . . for some crime")(emphasis in original). Moreover, "a proper guilty plea forecloses the right to object to the manner in which [a person] was arrested . . . ." Mack v. State of Okla., 492 P.2d 670, 672 (Okla. 1972); see also Lemmo v. McKoy, No. 08-CV4264, 2011 WL 843974, at * 3 ("[p]laintiff's § 1983 false arrest claim must be dismissed as a matter of law because he pled guilty to the charges stemming from the arrest he challenges and the conviction has not been invalidated"); Masetta v. Town of Irondequoit, No. 06-cv-6143, 2010 WL 4823684, at * 4 (W.D.N.Y. Nov. 29, 2010)("this Court has held that a guilty plea on an underlying charge establishes probable cause as a matter of law"); Abdullah v. City of Jacksonville, No. 3:04-cv-667-J-32TEM, 2006 WL 2789137, at * 6 (M.D. Fla. Sept. 26, 2006)("[p]laintiff's adjudication of guilt illustrates as a matter of law that there existed probable cause for the arrest").

Defendants attached to their reply to the motion for summary judgment the City of Sapulpa municipal ordinance governing public intoxication, which is defined as being in a public place under the influence of alcohol to such an extent "as to deprive the person of his full mental or physical power or be unable to exercise care for his own safety or the safety of others." Dkt. # 35-10, at 6. Morris III, through Donna Morris, pled guilty to the municipal charge for public intoxication. Dkt. ## 19-3, at 3; 24-1, at 9; 24-2, at 10. Therefore, his right to object to the manner in which that arrest was effected was foreclosed, as plaintiff made no showing that the guilty plea was "reversed on direct appeal, expunged by executive order,

(continued...)

of the proceedings is proper pending conclusion of defendants' appeal. Stewart v. Donges, 915 F.2d 572, 576 (10th Cir. 1990).

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Reconsider Stay of Trial (Dkt. # 42) is **denied**.

**IT IS FURTHER ORDERED** that a copy of this Amended Opinion and Order shall be designated by the parties for the record on appeal.

**DATED** this 9th day of May, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] (...continued)
declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A finding that Noe lacked probable cause to arrest Morris III for public intoxication would necessarily "imply the invalidity of his conviction," and, therefore, his § 1983 claim for unlawful arrest should be dismissed upon remand, which should moot the appeal as to qualified immunity on that ground.